UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 18-6833-FMO (KS)                                              Date: September 10, 2018
Title   *Keishon A. Terrell v. Warden*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: TIMELINESS**

On August 9, 2018, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) According to the Petition, Petitioner is challenging a May 11, 2014 conviction and sentence for attempted murder with gang and firearm enhancements. (*See* Petition at 2.) Petitioner appealed his sentence. (*Id.* at 2-3.) On January 8, 2015, the California Court of Appeal issued a reasoned, unpublished decision affirming the trial court's judgment but modifying Petitioner's sentence. *People v. Terrell*, No. B251601, 2015 Cal. App. Unpub. LEXIS 126 (Cal. Ct. App. Jan. 8, 2015). There is no indication from the Petition or the California state courts' website that Petitioner filed a Petition for Review in the California Supreme Court nor is there any indication that Petitioner sought collateral review in the state courts. Instead, more than three and a half years after the California Court of Appeal's decision, Petitioner filed the instant Petition.

On August 16, 2018, the Court informed Petitioner that it appeared the claims presented in the Petition – two Sixth Amendment ineffective assistance of counsel claims, a Double Jeopardy claim, a due process claim concerning Petitioner's right as a "young offender" under state law to receive a parole hearing, and a due process claim concerning both his sentence ("Petitioner was given an unauthorized sentence") and purported denial of a parole hearing ("Petitioner is overdue for parole by [eight] years") – were unexhausted. (Dkt. No. 6; *see also* Petition at 5-6.) In response, Petitioner filed a motion for a stay ("Stay Motion") pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). (Dkt. No. 7.) In the Stay Motion, Petitioner states that if his request for a *Rhines* stay is denied, "Petitioner wishes to voluntarily withdraw/dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1)." (Stay Motion at 2.)

To obtain a *Rhines* stay, a petitioner must show "good cause" for his failure to exhaust the claims at issue. *Rhines*, 544 U.S. at 277. In addition, a petitioner must show that the unexhausted claims are "potentially meritorious" and that he has not engaged in "intentionally dilatory litigation tactics." *Id.* at 278. The Supreme Court has not explained what constitutes "good cause" for a petitioner's failure to exhaust, but the Ninth Circuit has found that "[a] petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017). Although the Court is persuaded that Petitioner had good cause for his failure to exhaust and did not engage in intentionally dilatory tactics, it is not persuaded that Petitioner's claims are meritorious because, as explained below, they appear to be untimely.

This Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, establishes a one-year statute of limitations for state prisoners to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). The "statutory purpose" of the one-year limitations period is to "encourag[e] prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Carey v. Saffold*, 536 U.S. 214, 226 (2002). The one-year limitations period is subject to a statutory tolling provision, which suspends it for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). Additionally, in certain "extraordinary circumstances" beyond a prisoner's control, equitable tolling may be available to toll the one-year limitations period. *See Holland v. Florida*, 560 U.S. 631, 645, 649 (2010).

The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:

(A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed;

(C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or

(D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In most instances, a state prisoner's limitations period will be governed by Section 2244(d)(1)(A), *see Dodd v. United States*, 545 U.S. 353, 357 (2005), and Petitioner has not proposed an alternative commencement date under Section 2244(d)(1). Therefore, it appears that the statute of limitations commenced running on March 13, 2015, and absent tolling, expired on March 12, 2016. According to the envelope, Sacramento State Prison received the Petition for mailing on August 3, 2018, more than two years after March 12, 2016.[1] (*See* Petition at 11.) Thus, the Petition is facially untimely.

Due to the possibility that the statute of limitations bars relief on Petitioner's claims, Petitioner has not demonstrated that his claims are potentially meritorious as required for a *Rhines* stay. However, rather than denying the stay and dismissing the action at this juncture, the Court grants Petitioner one final chance to demonstrate that he is entitled to a *Rhines* stay. **IT IS THEREFORE ORDERED that, no later than October 11, 2018, Petitioner shall file a Response to this Order** containing specific factual allegations of timeliness, including, if relevant, any factual allegations that Petitioner is entitled to equitable tolling, *i.e.*, that extraordinary circumstances beyond his control made it impossible for him to commence this action within the required time. Alternatively, Petitioner may file a signed document entitled Notice of Voluntary Dismissal if he no longer wishes to proceed with this action.

**IT IS SO ORDERED**.

:

**Initials of Preparer**   gr

---

[1]  The Petition indicates that Petitioner signed the Petition on June 1, 2018. (*See* Petition at 8.) The Petition is facially untimely by more than two years regardless of whether Petitioner constructively filed the Petition on June 1, 2018 (the date he signed it) or August 3, 2018 (the date Sacramento State Prison received it).